14 CV 8047

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ISRAEL MARTINEZ, on behalf of himself and all
all others similarly-situated,

                                    Plaintiff,                    **COMPLAINT**

                                                                  Docket No.:

        -against-                                                 Jury Trial Demanded

M. & A. INTERIOR PAINTING & TILING, INC.,
MUNESHWAR SINGH, and SHAFI "DOE," in their
individual and professional capacities,

                                    Defendants.
-------------------------------------------------------------------X

RECEIVED OCT 0 6 2014 U.S.D.C. S.D.N.Y. CASHIERS

        ISRAEL MARTINEZ ("Plaintiff"), on behalf of himself and all others similarly-situated

(collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES,

P.L.L.C., as and for his Complaint against M. & A. INTERIOR PAINTING & TILING, INC.,

("M&A"), and MUESHWAR SINGH ("Mark") and SHAFI "DOE" ("DOE" being a fictitious

last name as the individual's real last name is currently unknown) ("Shafi"), both in their

individual and professional capacities, (all collectively as "Defendants"), alleges upon

knowledge as to himself and his own actions and upon information and belief as to all other

matters as follows:

## NATURE OF THE CASE

        1.       This is a civil action based upon willful violations that the Defendants committed

of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. §

206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law §

160; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; (iv) the minimum wage provisions of the

NYLL, N.Y. Lab. Law § 652(1); (v) the NYLL's requirement that employers pay wages to their employees in accordance with the agreed terms of employment, N.Y. Lab. Law § 190, 191, 663(1); (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of information on each payday, N.Y. Lab. Law § 195(3); (vii) the anti-discrimination provisions contained in Title 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law ("NYCHRL"); (viii) the anti-retaliation provisions of the NYCHRL; (ix) the anti-aiding and abetting provisions of the NYCHRL; and (x) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff is a former employee of the Defendants. As described below, from 2010 through February 7, 2014, Defendants scheduled Plaintiff to work, and Plaintiff did in fact work, either five, six or seven days per week, in shifts ranging from nine-to-fifteen hours per day, for a total of between forty-five and eighty hours per week. But throughout the entirety of his employment, the Defendants never compensated Plaintiff at any rate of pay, let alone the statutorily-required rate of time and one-half his regular rate or pay, his straight-time rate of pay, or even the minimum wage rate, for all hours that Plaintiff worked each week in excess of forty.

3.      Additionally, the Defendants failed to furnish Plaintiff with proper wage statements on each payday as the NYLL requires.

4.      These practices were in blatant defiance of the above-cited provisions of the FLSA, NYLL, and NYCCRR.

5.      Defendants paid and treated all of their non-managerial employees in the same manner.

6.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-

situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

7.     Making matters worse, the Defendants also subjected Plaintiff, who is Puerto Rican, to blatant racial and/or national origin discrimination in the form of a hostile work environment, as Defendant Shafi, Plaintiff's direct supervisor, consistently called Plaintiff a "Puerto Rican scunt" on a daily basis. Defendant Shafi also regularly disparaged Puerto Ricans in Plaintiff's presence. Plaintiff regularly told Shafi to stop referring to him as a "Puerto Rican scunt," and to cease the disparaging language about Puerto Ricans, but Shafi never did. After Plaintiff complained to the owner of M&A about Shafi's behavior, the Defendants retaliated by terminating Plaintiff's employment. These actions are in direct violation of the NYCHRL.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state and city law claims.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendant resides within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff is and was a resident of the State of New York, residing in Bronx County, and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL, NYCCRR, and NYCHRL.

11.     At all relevant times herein, Defendant M&A is a is a general construction company and a New York corporation that is registered with the New York State Department of State as having its principal place of business at 533 Mundy Ln., Mt. Vernon, New York 10550.

12.     Defendant M&A required Plaintiff to work and Plaintiff did in fact work in Bronx, New York at all times throughout his employment.

13.     Defendant Mark was and is the Owner of M&A and he controlled and operated the business on a day-to-day basis.

14.     Defendant Shafi was and is the General Manager of M&A and was Plaintiff's direct supervisor.

15.     At all relevant times herein, Defendants Mark and Shafi collectively made all managerial decisions regarding M&A employees, including all matters relating to their hours worked and their compensation and rates and methods of pay.

16.     At all relevant times herein, Defendants are "employers" within the meaning of the FLSA and NYLL.  They also "employ" four or more "employees" and are thus an "employer and "person" within the meaning of the NYCHRL.  Additionally, the Defendants' qualifying annual business exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they purchased and work with products and supplies provided by outside vendors in the course of their business that originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, Plaintiff and FLSA Plaintiffs frequently handled and worked with supplies from states outside of New York.  This independently subjects Defendants to the FLSA's overtime requirements with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage, overtime compensation, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf as well as those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

18.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each workweek; were not paid at an amount equal to the minimum hourly required rate of pay for each hour worked; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19.    At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

20.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty.

## BACKGROUND FACTS

21.     Plaintiff hails from Puerto Rico and has a tan complexion, i.e., he is darker than Caucasian and lighter than African-American.

22.     In or around April 2010, Plaintiff began his employment with Defendants as a laborer working in and on buildings in Bronx, New York.  The Defendants hired Plaintiff as a painter, but they regularly required him to perform electrical, plumbing, and demolition work. Plaintiff worked for the Defendants until February 7, 2014.

23.     Defendant Mark controls, owns, and operates, M&A.  Mark hired and fired Plaintiff.

24.     Defendant Shafi is the general manager of M&A and was Plaintiff's day-to-day supervisor.  Shafi is responsible for overseeing the job sites that Plaintiff worked on  and  was responsible for monitoring Plaintiff's work during his employment.

25.     Mark and Shafi, collectively, are responsible for setting Plaintiff's rate and manner of compensation and determining the number of hours that Plaintiff worked.

26.     From 2010 through his termination on February 7, 2014, while the Defendants scheduled Plaintiff to work five days a week from 8:00 a.m. to 4:30 p.m. each day, they always required him to work additional hours per day and additional days per week.

27.     Defendants paid Plaintiff a set amount per day - - $115.00 - - regardless of the number of hours that Plaintiff worked throughout the week.  But in doing so, Defendants failed to pay Plaintiff overtime premiums in a contemporaneous manner, as required by law.  As a result of Defendants' failure to make contemporaneous overtime payments, Defendants alleged day rate payment practice is invalid.  Therefore, as a matter of law, the Defendants only paid

Plaintiff for his first forty hours of work per week at a regular rate that amounts to $14.38 per hour. This yields an overtime rate of $21.57 per hour.

28.     By way of example, during Plaintiff's first week of work in or about April 2010, he worked, at Defendants direction, from 8:00 a.m. to 5:00 p.m., without an uninterrupted break, for five days that week, for a total of forty-five hours. For this work, Defendants paid Plaintiff $575.00, which covered only his first forty hours of work. Thus, Defendants did not pay Plaintiff any amount - - his agreed upon rate, minimum wage, or his overtime rate - - for the additional five hours that Plaintiff worked that week beyond forty.

29.     Plaintiff's hours, however, dramatically increased as his work continued. By way of example only, during Plaintiff's final full week of work for Defendants, from January 27, 2014 to February 2, 2014, Plaintiff worked every single day - - seven days - - from 8:00 a.m. to 7:00 p.m. - - eleven hours a day - - for a total of seventy-seven hours. For this work, Defendants compensated Plaintiff in the amount of $805.00, which, as before, was only meant to compensate Plaintiff for his first forty hours of work. Therefore, in his final full week of work, the Defendants paid Plaintiff a regular hourly rate that amounts to $20.13, and nothing for the hours worked in excess of that.

30.     Additionally, throughout his entire employment, Defendants never provided Plaintiff with a wage statement that accurately reflected tax withholdings, total hours worked per week, regular rate of pay, or overtime rate of pay. Plaintiff regularly requested these documents as Defendants told Plaintiff that they were withholding taxes. Defendants, however, never gave Plaintiff a statement showing what withholdings were being made. Upon Plaintiff's requests, Defendants stated that they had the wage statements, but Plaintiff could not have them.

31.     Defendants treat all of their non-managerial employees in the same way.

32.     Defendants act in this reckless manner in an effort to maximize their profits and minimize labor costs.

33.     Making matters worse, during Plaintiff's entire employment, Defendant Shafi, on an almost daily basis, referred to Plaintiff as a "Puerto Rican scunt." Shafi would also use disparaging language about Puerto Ricans that was directed at Plaintiff. On numerous occasions Shafi stated that "Puerto Ricans are lazy," and "Puerto Ricans are stupid."

34.     On repeated and regular occasions, Plaintiff would tell Shafi that he was offended by Shafi's language, that Shafi needed to stop referring to him in such a manner, and that Shafi needed to stop disparaging him because he is Puerto Rican.

35.     In addition to complaining to Shafi, Plaintiff also regularly complained to Mark. In fact, during Plaintiff's last week of work he made a final complaint to Mark, in which he gave Mark an ultimatum: either Shafi stops making the disparaging comments or I leave. Within only a few days, Mark fired Plaintiff under the wholly pretextual reason that there was no work.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

36.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

38.     As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

39.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

40.     The Defendant's actions were in willful violation of the FLSA.

41.     Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective regular rate of pay.

42.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

43.     Plaintiff and FLSA Plaintiffs, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.  Minimum wage under the FLSA during all relevant times was $7.25 per hour.

45.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

47.     Defendants' actions were willful violations of the FLSA.

48.     Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour he worked for Defendants pursuant to the FLSA's minimum wage provisions.

49.     Plaintiff and FLSA Plaintiffs are entitled to liquidated damages, attorneys' fees, and costs for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINT DEFENDANTS
### *Unpaid Overtime under the NYLL and NYCCRR*

50.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.     NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

52.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

53.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and NYCCRR's overtime provisions.

54.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

55.     Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times their regular rates of pay.

56.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### Minimum Wage Violations of the NYLL and NYCCRR

57.     Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.  Minimum wage under the NYLL and NYCCRR during all relevant times ranged between $7.25 and $8.00 per hour.

59.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

60.     As also described above, Defendants did not compensate Plaintiff at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

61.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

62.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

63.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

64.     Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

65.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

66.     Defendants failed to compensate Plaintiff, and any FLSA Plaintiff who opts-in to this action, at their regular rate of pay for each hour that they worked in accordance with their terms of employment.

67.     Defendants' actions were in willful violation of the NYLL.

68.     Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but were not compensated for.

69.     Plaintiff, any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorney's fees for Defendants' failure to pay wages in accordance with the agreed terms of employment.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

70.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

12

71.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

72.    As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and NYCCRR.

73.    As described above, Defendants willfully failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action on each payday with accurate wage statements containing the criteria required under the NYLL.

74.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each failure of this sort.

75.    For their failures, besides the statutory penalties, Defendants are also liable to Plaintiff and any FLSA Plaintiff who opts-in to this action for liquidated damages, attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Race/National Origin Discrimination in Violation of the NYCHRL*

76.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.    NYCHRL § 8-107(1) prohibits race and national origin discrimination in any form, including subjecting an employee to a hostile work environment based on race and/or national origin.

78.    As described above, Plaintiff is an employee within the meaning of the NYCHRL, while Defendants are an employer within the meaning of the NYCHRL.

79.     As also described above, Defendants discriminated against and harassed Plaintiff in violation of the NYCHRL on the basis of his race and/or national origin by treating him differently than they would have treated him had he been a of another race and/or national origin, specifically by subjecting him to a hostile work environment.

80.     As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

81.     As a direct and proximate result of these Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the NYCHRL and the NYLL*

82.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     NYCHRL § 8-107(7) prohibits retaliation in any manner against an employee for exercising his or her rights, or for opposing or rejecting any practice made unlawful under the NYCHRL.

84.     As described above, Plaintiff is an employee within the meaning of the NYCHRL, while Defendants are an employer within the meaning of the NYCHRL.

85.     As described above, Plaintiff opposed the Defendants' discriminatory practices by complaining to his direct supervisor and the business owner of the offensive nature of the

comments, as well as the racially charged atmosphere in which the Defendants forced him to work.

86.    In retaliation for his opposition to their discriminatory practices, the Defendants terminated Plaintiff's employment.

87.    As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

88.    As a direct and proximate result of these Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS MARK AND SHAFI
### *Aiding and Abetting in Violation of the NYCHRL*

89.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.    NYCHRL § 8-107(6) prohibits any person from aiding and abetting the violation of any acts forbidden by the NYCHRL.

91.    Plaintiff is an employee within the meaning of the NYCHRL while Defendant Mark and Shafi were his supervisors.

92.    Defendant Mark and Shafi, as described above, aided and abetted the Defendant M&A's discriminatory practices.

93.    As a direct and proximate result of Defendants Mark and Shafi aiding and abetting of Defendant M&A's discriminatory practices in violation of the NYCHRL, Plaintiff

has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

94.    As a direct and proximate result of Defendants Mark and Shafi aiding and abetting of Defendant M&A's discriminatory practices in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## **DEMAND FOR A JURY TRIAL**

95.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B.    Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.    An order restraining Defendant from any retaliation against Plaintiff and any FLSA Plaintiff who opts-in to this action for participation in any form in this litigation;

D.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

     E.    All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

     F.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

     G.    Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Martinez;

     H.    Grant an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages in connection with his discrimination claims, whether legal or equitable, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for the Defendants' unlawful conduct, to the extent recoverable by law;

     I.    Grant an award of damages to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment in connection with his discrimination claims;

     J.    Grant an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with his claims;

K.    Grant an award of punitive damages commensurate with the Defendants' ability to pay;

L.    Awarding Plaintiff their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.    Pre-judgment and post-judgment interest, as provided by law; and

N.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
        October 2, 2014

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.:   (212) 679 – 5000
Fax.:   (212) 679 – 5005

By: _____
    ALEXANDER L. GASTMAN (AG 5014)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)